# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| ) | Case No. 7:16CR00002 |
| ) | |
| v.              ) | **OPINION** |
| ) | |
| **MICHAEL JAMAL TUCKER,**       ) | JUDGE JAMES P. JONES |
| ) | |
| Defendant.        ) | |

*Michael A. Baudinet*, Assistant United States Attorney, Roanoke, Virginia, for United States; *Michael Jamal Tucker*, Defendant Pro Se.

The defendant, proceeding pro se, has filed a motion seeking relief under 28 U.S.C. § 2255, arguing that his conviction for possessing a firearm while being a convicted felon is unlawful in light of *Rahaif v. United States*, 139 S. Ct. 2191 (2019). The United States has filed a motion to dismiss. The defendant did not respond to the motion by the deadline to do so. The defendant then filed a supplemental brief, claiming that he received a sentence enhancement under § 924(e) that is invalid following *Borden v. United States*, 141 S. Ct. 1817 (2021). Upon review of the record, I find that the defendant's § 2255 motion is untimely. Accordingly, I will grant the United States' Motion to Dismiss.

I.

On August 25, 2016, the defendant, Michael Jamal Tucker, pled guilty to Counts One and Six of the Indictment pursuant to a written plea agreement. Tucker

was sentenced by this Court on November 28, 2016, to a total term of 133 months, consisting of 133 months on Count One and 120 months on Count Six, to run concurrently. Count One charged the defendant with conspiring to distribute and possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(i), (b)(1)(C) and 846. Count Six charged the defendant with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).

The defendant's § 2255 motion, dated April 13, 2021, contends that his guilty plea to Count Six is invalid under *Rahaif*. In *Rahaif*, the Supreme Court held that § 922(g) requires "knowledge of [the] status" that renders firearm possession unlawful. 139 S. Ct. at 2197. Tucker claims that he entered his guilty plea without knowledge of his prohibited status. Tucker also asserts that under *Rahaif*, he is actually innocent of the § 922(g) conviction.

Tucker then filed a supplemental brief, alleging that his purported sentence enhancement for Count Six under § 924(e) is invalid following *Borden*. In *Borden*, the Supreme Court held, in a plurality opinion, that an offense requiring only a reckless mens rea does not qualify as a violent felony under § 924(e). 141 S. Ct. at 1821–22. Finally, the defendant asserts that the government failed to provide proper notice of the charges prior to his guilty plea in violation of the Sixth and Fourteenth Amendments.

II.

There is a one-year statute of limitations under § 2255, which typically runs from the date on which the defendant's judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1). The judgment in a criminal case becomes final when the time for filing an appeal passes. *Clay v. United States*, 537 U.S. 522, 532 (2003). The statute of limitations can be extended if (1) the government prevents a defendant from filing a motion; (2) the Supreme Court announces a "newly recognized" right, which is made retroactive to cases on collateral review; or (3) new facts emerge that support a claim which is asserts within one year of the date the facts "could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(2)–(4).

In this case, the defendant's conviction became final on December 13, 2016, 14 days after the date the court entered judgment, because he failed to file a notice of appeal within that time period. *See* Fed. R. App. P. 4(b)(1)(A) (allowing 14 days to file a notice of appeal). His deadline for filing a § 2255 motion was therefore December 13, 2017. Tucker dated his § 2255 motion on April 13, 2021. His motion was clearly untimely, and none of the statutory bases for extending the statute of limitations exists here.

The defendant contends that his claim falls under § 2255(f)(3). Under § 2255(f)(3), a § 2255 motion may be filed within one year of a newly recognized right by the Supreme Court that is made retroactive on collateral review. In *Rehaif*,

the Supreme Court announced a new right made retroactive on collateral review. However, Tucker's motion is still untimely. Even if *Rehaif* applies in this case, the Supreme Court decided *Rahaif* on June 21, 2019. 139 S. Ct. at 2191. The one-year window for filing a § 2255 motion based on *Rehaif* ended on June 21, 2020. Tucker did not date his § 2255 motion until April 13, 2021, which is outside of the one-year filing period.

Furthermore, Tucker's assertion that *United States v. Gary*, 954 F.3d 194 (4th Cir. 2020), *rev'd sub nom Greer v. United States*, 141 S. Ct. 2090 (2021), and *United States v. Lockhart*, 947 F.3d 187 (4th Cir. 2020) (en banc), provide a basis for extending the statute of limitations for his § 2255 motion is unavailing. The statute recognizes only new rights announced by the Supreme Court. *See* 28 U.S.C. § 2255(f)(3).

The statutory limitations period under § 2255(f) may be tolled for equitable reasons. *See, e.g., United States v. Prescott*, 221 F.3d 686, 688 (4th Cir. 2000) (applying equitable tolling to § 2255 motion). The defendant has the burden to show entitlement to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Because Tucker has neither argued nor submitted any evidence showing that he is entitled to equitable tolling, he has not met this burden.

III.

Tucker further challenges his sentence enhancement for Count Six under § 924(e) as invalid based on *Borden v. United States*, 141 S. Ct. 1817 (2021). Specifically, Tucker appears to claim that because his § 922(g) conviction is invalid under *Rehaif*, he does not have three convictions for a violent felony or serious drug offense as required to receive a sentence enhancement under § 924(e). *See* 18 U.S.C. 924(e)(1). But the defendant was not sentenced under § 924(e). Instead, his sentence was calculated based on an application of the U.S. Sentencing Commission Guidelines (USSG) Manual for a § 922(g) conviction. According to the presentence investigation report, he had at least two felony convictions for a controlled substance offense, and therefore, he qualified as a career offender. *See* USSG § 4B1.1(b)(3). Because Tucker was not sentenced pursuant to a mandatory minimum term of imprisonment under § 924(e), *Borden* is not applicable.

Finally, Tucker claims in his supplemental filing that the government did not give him proper notice of the charges he faced prior to his guilty plea in violation of his Sixth and Fourteenth Amendments rights. Presumably, he is arguing that he lacked notice of the knowledge requirement of his prohibited status for a § 922(g) conviction following *Rehaif*. As explained above, because his § 2255 petition is untimely, Tucker is barred from raising this argument.

IV.

For these reasons, the United States' motion to dismiss will be granted and the § 2255 motion will be dismissed. A separate final order will be entered herewith.

DATED: October 18, 2021

/s/  JAMES P. JONES
Senior United States District Judge